UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INFORMED COMMUNICATIONS, INC. d/b/a THE DELANEY REPORT, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. _____ |
| v. | : : | |
| CATAPULT INTEGRATED SERVICES, LLC, | : : | |
| Defendant. | : | JANUARY 6, 2016 |

## COMPLAINT AND JURY DEMAND

Plaintiff INFORMED COMMUNICATIONS, INC. d/b/a *THE DELANEY REPORT* ("INFORMED COMMUNICATIONS" or "Plaintiff"), by its undersigned attorneys, alleges for its complaint herein against Defendant CATAPULT INTEGRATED SERVICES, LLC ("CATAPULT" or "Defendant"), as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement arising under the United States Copyright Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").  This claim arises from CATAPULT's wide-spread, long-term, and systematic theft of the core intellectual property of a small marketing publisher, INFORMED COMMUNICATIONS, which publishes weekly editions of *The Delaney Report*. Although CATAPULT promotes itself as an integrated marketing agency that emphasizes its creative abilities, its blatant piracy strikes at the very heart of Plaintiff's small business, whose intellectual property rights CATAPULT has ignored and misappropriated.

2.      The *Delaney Report* exploited by CATAPULT is a weekly periodical reporting on advertising and marketing trends, as well as information on the advertising, media and publishing industries. It is a well-recognized marketing publication, reaching a limited but influential number of marketing, media and advertising professionals. Plaintiff INFORMED COMMUNICATIONS is the registered copyright owner of this weekly publication.

3.      The revenues of INFORMED COMMUNICATIONS are derived entirely from paid subscriptions to *The Delaney Report*. Because *The Delaney Rep*ort appeals to a limited market, INFORMED COMMUNICATIONS must rely on strong legal protection to assure that those who use its newsletters pay for them. INFORMED COMMUNICATIONS holds registered copyrights in nearly all its weekly publication dating back to January 10, 2005. Each infringed copy of *The Delaney Report* bears copyright notices against copying including, for example, the following warning:

> **"The Delaney Report ©…. This is copyrighted material and any reproduction or retransmission without written permission is prohibited."**

4.      Upon information and belief, since at least June 2013, CATAPULT has used pirated copies of INFORMED COMMUNICATIONS' weekly newsletters for its own gain. CATAPULT's brazen exploitation was simple: CATAPULT took out a single subscription, and then duplicated the newsletters and, by various means, internally supplied pirated copies to other executives, officers, and/or employees, and thus avoided the subscription cost that reputable subscribers pay each year. In so doing, CATAPULT regularly made and distributed unauthorized copies of virtually each weekly issue of *The Delaney Report* it received, amounting to in excess of 1,500 unauthorized copies. Upon information and belief, CATAPULT's conduct has persisted

2

in the face of INFORMED COMMUNICATIONS' explicit copyright warnings and despite CATAPULT's awareness that copying periodicals without permission is fundamentally dishonest and unlawful.

5. Because of the aforementioned conduct, CATAPULT knowingly and willfully violated the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and is liable, at the election of INFORMED COMMUNICATIONS, for either actual damages or for statutory damages, under 17 U.S.C. § 504, of up to $30,000 for each of the registered works improperly exploited (or up to $150,000 for each of the registered works improperly exploited if INFORMED COMMUNICATIONS sustains its burden of proving, and the court finds, that infringement was committed willfully), an injunction, an accounting for all of its ill-gotten profits, and costs and attorney's fees under 17 U.S.C. § 505.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 101 et seq. and 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship).

7. This Court has personal jurisdiction over the Defendant because, upon information and belief, at all relevant times herein, CATAPULT transacted business within this judicial district and/or committed a tortious act within this judicial district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as CATAPULT maintains an office and thus resides in this judicial district, and as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

9.      Plaintiff INFORMED COMMUNICATIONS is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Tryon, North Carolina.

10.     Upon information and belief, CATAPULT is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 55 Post Road, Westport, CT.

## FACTS COMMON TO ALL CLAIMS

### A) Plaintiff's Intellectual Property

11.     INFORMED COMMUNICATIONS has owned and published *The Delaney Report* since 1990 and has distributed *The Delaney Report* to subscribers via mail, via facsimile and via e-mail.

12.     *The Delaney Report* is published weekly to subscribers. These weekly issues include INFORMED COMMUNICATIONS' unique advertising and marketing data, original selection, representation and arrangement of information and trends in the advertising, media and publishing industries, and original commentary related thereto.

13.     During the relevant time period of this action and ending on December 31, 2015, an individual annual subscription to *The Delaney Report* cost $625 for domestic mailed subscriptions and $645 for domestic facsimile or e-mail subscriptions. INFORMED COMMUNICATIONS does not sell or offer for sale any group subscriptions or group discounts.

14.     During the relevant time period of this action and ending on December 31, 2015, *The Delaney Report* also has been available for purchase at the single issue price of $45.

4

15.     INFORMED COMMUNICATIONS is the owner of a valid, registered copyright in nearly all weekly issues of *The Delaney Report* dating back to January 10, 2005. INFORMED COMMUNICATIONS gives clear notice of its copyright to warn against unauthorized copying. Since 1990, *The Delaney Report* has included a notice that it is copyrighted and that reproduction without written permission is prohibited. Each infringed copy of *The Delaney Report* bore copyright notices against copying including the following warning:

> **"The Delaney Report © . . . This is copyrighted material and any reproduction or retransmission without written permission is prohibited."**

### B) Defendant's Infringing Acts

16.     CATAPULT's Westport, CT office has had access to the weekly issues of *The Delaney Report* continually since June 2013 by means of a single subscription.  Each weekly issue was faxed to the attention of Michael Miller, EVP and Managing Director of CATAPULT. Each year through 2015, the subscription was renewed by CATAPULT through Plaintiff's North Carolina office and remitted payment for the subscription to Plaintiff in Tryon, North Carolina.

17.     Weekly issues of *The Delaney Report* containing the copyright notice described in paragraphs "3" and "15" above have been distributed to CATAPULT by facsimile since June of 2013.

18.     Upon information and belief, since at least June 2013, CATAPULT has reproduced and distributed every, or nearly every, weekly issue of *The Delaney Report*, to one or more of CATAPULT's executives, officers, and/or employees at CATAPULT's Westport, CT office.

19.     Upon information and belief, CATAPULT executives, officers, and/or employees who were not and are not subscribers of *The Delaney Report* have reproduced it by copying and distributing it internally by various means, and/or by printing out copies thereof, or both.  In so doing, CATAPULT has permitted numerous executives, officers, and/or employees to obtain and review infringing copies of *The Delaney Report* without obtaining and paying for a subscription and has permitted and/or encouraged these executives, officers, and/or employees to believe that such copying and use was lawful.

20.     CATAPULT's purpose and objective was to obtain the benefits of access to *The Delaney Report* while depriving INFORMED COMMUNICATIONS of its rightful subscription revenues. CATAPULT benefited from its infringing activities in a variety of ways, avoiding, among other things, the cost of multiple subscriptions for its own employees.

21.     CATAPULT is a sophisticated marketing agency that works with well-known clients and brands, such as Subway, Avon, Kellogg's, Sony, and Capital One.  CATAPULT thus knew or should have known that copyrighted material may not be freely copied and circulated.

22.     In sum, CATAPULT's executives, officers and/or employees were well aware of the limitations imposed by copyright, they were expressly cautioned that INFORMED COMMUNICATIONS claimed copyright ownership in *The Delaney Report*, and they otherwise were on notice of INFORMED COMMUNICATIONS' claims and of the need to ensure that CATAPULT's use of INFORMED COMMUNICATIONS' newsletters was lawful. CATAPULT acted knowingly and willfully and in flagrant disregard of INFORMED COMMUNICATIONS' rights.

6

23.     At no time did INFORMED COMMUNICATIONS grant CATAPULT an express or implied license to copy or distribute *The Delaney Report*.

24.     Upon information and belief, CATAPULT's infringing conduct continued from at least as early as June 2013 until just prior to the filing of this action and would have continued longer had INFORMED COMMUNICATIONS not discovered CATAPULT's infringing activities. CATAPULT's conduct victimized INFORMED COMMUNICATIONS, but the full scope of CATAPULT's actions remains to be discovered.

25.     INFORMED COMMUNICATIONS continues to publish *The Delaney Report* and to register its copyright in each weekly issue of its publication. INFORMED COMMUNICATIONS will seek leave to amend this Complaint prior to trial to include such additional issues of The Delaney Report as have been infringed.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

26.     INFORMED COMMUNICATIONS hereby repeats and realleges paragraphs 1 through 25 set forth above as if fully set forth herein.

27.     INFORMED COMMUNICATIONS is the holder of the pertinent exclusive rights infringed by CATAPULT, as alleged hereunder, for *The Delaney Report*.  Nearly each weekly issue of *The Delaney Report* published on or after January 10, 2005 is the subject of a valid Certificate of Copyright Registration issued by the Registrar of Copyrights or an application for copyright registration has been submitted to the Registrar of Copyrights in a timely manner. Weekly issues of *The Delaney Report* contain a copyright notice advising that it is protected by the copyright laws and each issue is a separate work in the meaning of the Copyright Act.

28.     The Certificates of Copyright Registration referred to in paragraph 27 above, for

the relevant time period commencing June 2013 through the present are the following:

| Copyright Registration No. | Dated: |
|---|---|
| TX 7-731-775 | July 4, 2013 |
| TX 7-747-217 | September 12, 2013 |
| TX 7-808-479 | December 9, 2013 |
| TX 7-922-723 | March 26, 2014 |
| TX 7-922-724 | April 4, 2014 |
| TX0 8-054-681 | June 19, 2014 |
| TX0 7-979-572 | December 4, 2014 |
| TX 8-108-341 | April 9, 2015 |

29.     Said registration certificates constitute *prima facie* evidence of the validity of the

copyrights and the facts stated in the certificates.

30.     INFORMED COMMUNICATIONS has timely submitted to the Registrar of

Copyright applications to register the following issues of *The Delaney Report*, accompanied by

the required deposit, however, Certificates of Registration have not yet issued to date:

| Volume | Number | Issue Date | Publication Date |
|---|---|---|---|
| 25 | 24 | June 23, 2014 | June 23, 2014 |
| 25 | 25 | June 30, 2014 | June 30, 2014 |
| 25 | 26 | July 7, 2014 | July 7, 2014 |
| 25 | 27 | July 14, 2014 | July 14, 2014 |
| 25 | 28 | July 21, 2014 | July 21, 2014 |
| 25 | 29 | July 28, 2014 | July 28, 2014 |
| 25 | 30 | August 4, 2014 | August 4, 2014 |
| 25 | 31 | August 11, 2014 | August 11, 2014 |
| 25 | 32 | August 18, 2014 | August 18, 2014 |
| 25 | 33 | September 8, 2014 | September 8, 2014 |
| 25 | 34 | September 15, 2014 | September 15, 2014 |
| 25 | 45 | December 1, 2014 | December 1, 2014 |
| 25 | 46 | December 8, 2014 | December 8, 2014 |
| 25 | 47 | December 15, 2014 | December 15, 2014 |
| 25 | 48 | December 22, 2014 | December 22, 2014 |
| 26 | 14 | April 13, 2015 | April 13, 2015 |
| 26 | 15 | April 20, 2015 | April 20, 2015 |

| Volume | Number | Issue Date | Publication Date |
|---|---|---|---|
| 26 | 16 | April 27, 2015 | April 27, 2015 |
| 26 | 17 | May 4, 2015 | May 4, 2015 |
| 26 | 18 | May 11, 2015 | May 11, 2015 |
| 26 | 19 | May 18, 2015 | May 18, 2015 |
| 26 | 20 | May 25, 2015 | May 25, 2015 |
| 26 | 21 | June 1, 2015 | June 1, 2015 |
| 26 | 22 | June 8, 2015 | June 8, 2015 |
| 26 | 23 | June 15, 2015 | June 15, 2015 |
| 26 | 24 | June 22, 2015 | June 22, 2015 |
| 26 | 25 | June 29, 2015 | June 29, 2015 |
| 26 | 26 | July 6, 2015 | June 6, 2015 |
| 26 | 27 | July 13, 2015 | June 13, 2015 |
| 26 | 28 | July 20, 2015 | June 20, 2015 |
| 26 | 29 | July 27, 2015 | June 27, 2015 |
| 26 | 30 | August 3, 2015 | August 3, 2015 |
| 26 | 31 | August 10, 2015 | August 10, 2015 |
| 26 | 32 | August 17, 2015 | August 17, 2015 |
| 26 | 33 | September 7, 2015 | September 7, 2015 |
| 26 | 34 | September 14, 2015 | September 14, 2015 |
| 26 | 35 | September 21, 2015 | September 21, 2015 |
| 26 | 36 | September 28, 2015 | September 28, 2015 |
| 26 | 37 | October 5, 2015 | October 5, 2015 |
| 26 | 38 | October 12, 2015 | October 12, 2015 |
| 26 | 39 | October 19, 2015 | October 19, 2015 |
| 26 | 40 | October 26, 2015 | October 26, 2015 |
| 26 | 41 | November 2, 2015 | November 2, 2015 |
| 26 | 42 | November 9, 2015 | November 9, 2015 |
| 26 | 43 | November 16, 2015 | November 16, 2015 |
| 26 | 44 | November 23, 2015 | November 23, 2015 |
| 26 | 45 | November 30, 2015 | November 30, 2015 |

31.     Upon information and belief, the Registrar of Copyrights will issue registrations for these works and said registration certificates, when issued, shall constitute *prima facie* evidence of the validity of the copyright and the facts stated in the certificates. Upon issuance of registrations, INFORMED COMMUNICATIONS intends to supplement its Complaint to reflect these facts.

32.    CATAPULT's infringement of *The Delaney Report* has been carried out with CATAPULT's full knowledge that each issue of said publication is protected by copyright. For its own commercial benefit, CATAPULT has knowingly, willfully, and without authorization infringed INFORMED COMMUNICATIONS' copyrights through the systematic and routine reproduction and distribution of *The Delaney Report*, and by inducing and providing the means, facilities and instructions for its executives, officers, and/or employees to make unauthorized reproductions of and distribute *The Delaney Report*.

33.    Due to CATAPULT's infringement of INFORMED COMMUNICATIONS' copyrights, INFORMED COMMUNICATIONS has suffered and will continue to suffer irreparable harm to its business in an amount that will be proven at trial. Unless CATAPULT is enjoined from engaging in the infringing conduct, it will continue to unjustly profit from its infringement of INFORMED COMMUNICATIONS' copyrights in an amount to be determined at trial. INFORMED COMMUNICATIONS has no adequate remedy at law.

34.    By reason of the foregoing, INFORMED COMMUNICATIONS is entitled to the remedies set forth in the Copyright Act, including, without limitation, injunctive relief, actual damages and recovery of CATAPULT's profits, or, at INFORMED COMMUNICATIONS' election, statutory damages, destruction of all infringing copies of *The Delaney Report*, costs, and costs and attorneys' fees incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, INFORMED COMMUNICATIONS respectfully requests that this Court enter judgment in its favor against CATAPULT that:

A. CATAPULT and its agents, attorneys, executives, officers, employees, and all others in active concert or participation with it be enjoined preliminarily and permanently from in any manner, directly or indirectly, copying or distributing in any medium by any means any issue of *The Delaney Report*, or any portion thereof, and from inducing, aiding, causing or materially contributing to any such conduct by anyone else;

B. CATAPULT and its executives, officers, agents, servants and employees are ordered to surrender for inventory and destruction all copies of *The Delaney Report*;

C. CATAPULT be required to pay to INFORMED COMMUNICATIONS its actual damages incurred as a result of each of the infringement of each issue of *The Delaney Report*;

D. CATAPULT be required to account to INFORMED COMMUNICATIONS for all profits realized by it that are attributable to the infringement;

E. At the election of INFORMED COMMUNICATIONS, prior to the entry of final judgment in this case, under 17 U.S.C. § 504, that CATAPULT be required to pay INFORMED COMMUNICATIONS' statutory damages of up to $30,000 for each of the registered works improperly exploited, or up to $150,000 in enhanced damages for each of the registered works improperly exploited if INFORMED COMMUNICATIONS sustains its burden of proving, and the court finds, that infringement was committed willfully;

F. CATAPULT be ordered to pay costs incurred by INFORMED COMMUNICATIONS in connection with this action, including but not limited to INFORMED COMMUNICATIONS' reasonable attorneys' fees and disbursements, under 17 U.S.C. § 505; and

G. Such other and further relief as the Court considers just and proper.

11

## DEMAND FOR JURY TRIAL

Plaintiff INFORMED COMMUNICATIONS demands a trial by jury on all issues so triable.

**PLAINTIFF,
INFORMED COMMUNICATIONS, INC.
d/b/a *THE DELANEY REPORT***

By: _____

Andrew M. Zeitlin (ct21386)
Patrick Fahey (ct13862)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel:  (203) 324-8100
Fax:  (203) 324-8199
azeitlin@goodwin.com
pfahey@goodwin.com

Of Counsel:

Paul H. Levinson
Oliver R. Chernin
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Phone (212) 448-1100
Facsimile (212) 448-0066
plevinson@mclaughlinstern.com
ochernin@mclaughlinstern.com

*Attorneys for Plaintiff*

4489483v1

12